## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                       No. CR 11-0532 JB

SIRTIVAN THOMAS CACHUCHA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Appeal of Release Order, filed February 18, 2011 (Doc. 11); and (ii) the Defendant's Appeal from Magistrate's Detention Order, filed February 22, 2011 (Doc. 14). The Court held an evidentiary hearing on December 8, 2010. The primary issues are: (i) whether release on personal recognizance or execution of an unsecured appearance bond will reasonably assure Defendant Sirtivan Thomas Cachucha's appearance, and the safety of any other person or the community; and (ii) whether the Court can fashion a set of conditions that mitigate, to an acceptable level, the risks of nonappearance and of danger to the community that Cachucha may present. The Court concludes that Cachucha is not a flight risk. The Court also concludes, however, that Plaintiff United States of America has proved by clear-and-convincing evidence that Cachucha poses a danger to the community and others. The Court will deny Cachucha's request that it release him into the third-party custody of his fiancee Bianca Gonzales, because it finds that the conditions Cachucha proposes do not mitigate the danger he presents to the community and to others to an acceptable level. Because the Court believes it can formulate conditions that will mitigate the danger Cachucha poses to an acceptable level by imposing additional conditions to the conditions the Honorable Richard L. Puglisi, United States

Magistrate Judge, imposed in releasing Cachucha to the third-party custody of La Posada Halfway House, however, the Court will deny the United States' request that it detain Cachucha pending further proceedings. The Court will release Cachucha to the custody of La Posada, but, in addition to the conditions of release that Judge Puglisi imposed, the Court will require that Cachucha be subject to monitoring by a global positioning system device ("GPS"), that Cachucha be restricted to attending only counseling, and that Cachucha's trips outside of La Posada for counseling be subject to a time limit of two hours.

## FACTUAL BACKGROUND

Gonzales is Cachucha's fiancee. She and Cachucha have four children together. They live in Dulce, New Mexico. Gonzales testified that it was her understanding that Cachucha's position at his current job is available if he were to return to Dulce. Cachucha's current job is as supervisor of the maintenance program at the Jicarilla Apache Utility Authority. His employer has represented that it can hold his job for him for a period of three months.

At the hearing on March 2, 2011, Special Agent Jonathan Mackay testified that, in the early morning hours of February 11, 2011, six people, including Cachucha, were drinking alcoholic beverages and playing card games in a residence off one of the main roads in Dulce. Mackay testified that several females at the residence became annoyed with Cachucha's attentions and the residence's owner asked Cachucha to sit on the couch in hopes he would fall asleep. Mackay testified that Cachucha fell asleep and that, when he awoke, the victim, Arthur Zentz, had joined the others at the residence. Mackay testified that, after Cachucha woke up, he again began bothering the females in the residence. Mackay testified that the residence's owner and others asked him to leave. Mackay testified that, when Cachucha did not leave, Zentz attempted to escort him out. When Mackay interviewed Zentz, Zentz told him that, as he attempted to assist Cachucha off the

property, Cachucha produced a knife and cut him three to four times.  Mackay testified that there were no witnesses to the confrontation outside.  Mackay testified that Zentz was taken to the San Juan Regional Medical Center, where he was treated for his injuries.  Mackay testified that Zentz had deep lacerations below his left nipple, in the center of his stomach, and in his hand.  Mackay stated that, after he discussed the federal definition of serious bodily injury in 18 U.S.C. § 1365(h)(3) with Zentz' treating physician, the physician stated that the injury on Zentz' left hand, which was a laceration to the bone, constituted a serious bodily injury, based on disfigurement and likelihood that Zentz would sustain nerve damage in his left hand for the rest of his life.  When Mackay interviewed Zentz, Zentz told him that he lived in Dulce.

## PROCEDURAL BACKGROUND

On February 16, 2011, the United States filed a Criminal Complaint against Cachucha, charging Cachucha with assault resulting in serious bodily injury in Indian County, in violation of 18 U.S.C. § 113(a)(6) and 18 U.S.C. § 1153.  See Doc. 1.  Cachucha was arrested that day.  On February 17, 2011, the United States filed its Motion for Detention Hearing, moving the Court to conduct a detention hearing and then order that Cachucha be detained before trial, on the grounds that Cachucha is a flight risk and a danger to the community.  See Doc. 5.  On February 18, 2011 Judge Puglisi held a preliminary and detention hearing.  Cachucha waived his right to the preliminary hearing.  See Waiver of Preliminary Hearing, filed February 18, 2011 (Doc. 9).  Judge Puglisi denied the United States' request to detain Cachucha before trial and released Cachucha into La Posada's custody.  See Order Setting Conditions of Release, filed February 18, 2011 (Doc. 10)("Order").

The United States Probation Office ("USPO") disclosed a Pretrial Services Report ("PSR").  This report set forth Cachucha's criminal history.  In 2005, Cachucha was charged with resisting,

-3-

evading, or obstructing an officer, battery against a household member, assault upon a peace officer, and assault against a household member.  These charges were dismissed.  Cachucha has also twice been charged with a fight in progress and driving under the influence.  He has also been charged with failure to submit to a chemical test, suspect -- armed dangerous, resisting arrest, and intoxication.  The PSR reported that the disposition of these charges was unknown.  These charges were from Jicarilla, New Mexico, and pretrial services has requested records from the Jicarilla Apache Tribal Courts.  The tribal courts have not yet released these records.

On February 18, 2011, the United States filed an Appeal of Release Order.  See Doc. 11.  The United States requests that the Court conduct a de novo review of Judge Puglisi's Order.  As grounds, the United States contends that, in support of its motion to detain Cachucha, it referenced several factors that 18 U.S.C. § 3142(g) sets forth, including the nature and circumstances of the offense charged, the fact that the crime with which it charged Cachucha -- assault resulting in serious bodily injury -- is a crime of violence, the weight of the evidence against Cachucha, Cachucha's past conduct, his history relating to alcohol abuse, and criminal history, which indicate that Cachucha is dangerous to the community.  The United States asks the Court to vacate Judge Puglisi's Order and to detain Cachucha pending further proceedings.

On February 22, 2011, Cachucha filed an Appeal from Magistrate's Detention Order.  See Doc. 14.  Cachucha asserts that the Court should release him and allow him to return home to his family.  He contends that there are conditions, or a combination of conditions, that the Court can order to eliminate any concerns it might have about Cachucha's appearance at future court hearings or the need to protect the public.  Cachucha represents that he is a life-long resident of Dulce and is an enrolled member of the Jicarilla Apache Nation.  He contends that, although he has been arrested in the past, it does not appear that he has any convictions on his record for crimes of

violence or any offenses that would indicate he is a flight risk.  Cachucha thus asserts that there are

grounds under which he can be released to the custody of his fiancee.

At the March 2, 2011 hearing, Mackay and Gonzales testified.  Mackay testified that when

Zentz attempted to escort Cachucha away from a residence where several people had been drinking

and playing card games, after Cachucha allegedly bothered several of the women at the residence,

Cachucha produced a knife and cut him three to four times.  Mackay testified that Zentz sustained

deep lacerations below his left nipple, in the center of his stomach, and in his right hand.  Gonzales

testified that she relies on Cachucha's income in supporting their family and that Cachucha has

always complied with court orders.

The United States' counsel conceded that the charges against Cachucha do not trigger the

presumption of 18 U.S.C. § 3142, but maintained that Zentz suffered serious injuries and the Court

should detain Cachucha.  The United States represented that it did not know whether Cachucha was

drinking at the party.  The probation officer stated that it could use the GPS to put an exclusion zone

around Jicarilla and the device would notify the probation officer if Cachucha entered the exclusion

zone. The probation officer also represented that it could use the GPS to put an inclusion zone

around Albuquerque and the device would notify the probation officer if Cachucha was located

outside of the inclusion zone.

Cachucha asked the Court to release him to his home.  Cachucha noted that Gonzales

testified that she was prepared to report Cachucha to his probation officer if he violates any of the

conditions of his release.  Cachucha also argued that a sobriety meter could be placed in his home.

The sobriety meter would set off an alarm or signal at certain times, and Cachucha would be

required within a certain period of time to blow into the machine to verify that he was not using

alcohol.  If Cachucha was using alcohol, the probation officer would be notified.  Cachucha also

argued that the tribal court has a program where he would have to go in on a daily basis to provide breath testing to verify whether he is using alcohol.  The United States asked the Court to detain Cachucha, and stated that, in the alternative, if the Court finds that it should release Cachucha to La Posada, it should impose restrictive conditions, such as GPS monitoring.

## STANDARD OF REVIEW BY THE DISTRICT COURT

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985)(stating that a district court's review of magistrate judge's order setting bond was de novo).

## RELEVANT LAW REGARDING RELEASE PENDING TRIAL

Pursuant to 18 U.S.C. § 3142,

Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be--

> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
>
> (2) released on a condition or combination of conditions under subsection (c) of this section;
>
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
>
> (4) detained under subsection (e) of this section.

18 U.S.C. § 3142(a).  If the judicial officer determines that release on personal recognizance, or upon execution of an unsecured appearance bond,

will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person--

> (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and

> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . .

18 U.S.C. § 3142(c).

A defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  At such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence.  See 18 U.S.C. § 3142(f); United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003)(citations omitted).

In determining whether there are conditions of release that will "reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including--

-7-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . . .

18 U.S.C. § 3142(g).

## ANALYSIS

Cachucha requests that the Court release him to the third-party custody of his fiancee, Gonzales.  The United States asks that the Court revoke Judge Puglisi's Order, which released Cachucha to La Posada.  The United States asks the Court to detain Cachucha pending further proceedings.  The Court concludes that Cachucha is not a flight risk.  The Court finds, however, that the United States has established by clear-and-convincing evidence that Cachucha is a danger to the community and to others.  Because the Court believes that the conditions that Cachucha proposes do not sufficiently mitigate the risk to the community, it will deny Cachucha's request that it release him into Gonzales' custody. Because the Court finds that it can fashion conditions that sufficiently mitigate any threat to the community if it releases Cachucha to La Posada, however, it will not detain Cachucha pending further proceedings.

## I.   CACHUCHA DOES NOT PRESENT A FLIGHT RISK.

Cachucha's history shows no inclination to be a flight risk.  The Pretrial Services Report provided by the USPO disclosed that Cachucha is a lifelong resident of Dulce.  Cachucha, until recently, resided in a three bedroom mobile home along with Gonzales and their four children.  This home is located on the family compound where Cachucha has resided all his life.  Cachucha's

mother, and three of his six siblings, live in Dulce.  Cachucha is currently employed with the Jicarilla Utility Authority as a maintenance Supervisor/Carpenter, and his employer has stated that it will hold his job for him for three months.  The record before the Court does not indicate that Cachucha is a flight risk.  The Court therefore finds that the United States has not shown by a preponderance of the evidence that Cachucha is a flight risk.

## II.   THE UNITED STATES HAS SHOWN BY CLEAR-AND-CONVINCING EVIDENCE THAT CACHUCHA IS A DANGER TO THE COMMUNITY, BUT THE COURT BELIEVES IT CAN MITIGATE THAT RISK TO ACCEPTABLE LEVELS.

The United States asserts that the nature and circumstances of the offense charged, the weight of the evidence, Cachucha's past conduct, Cachucha's history relating to alcohol abuse, and Cachucha's criminal history demonstrate that Cachucha poses an ongoing risk to the community. The United States contends that Cachucha is a serious danger to the community and that the community is not adequately safeguarded by his detention at La Posada.

Cachucha asserts that he is not a danger to the community and that the Court should release him into Gonzales' third-party custody.  He asserts that Gonzales understands her responsibilities and will ensure that Cachucha complies with the conditions that the Court orders.

The Court believes that the United States has shown by clear-and-convincing evidence that Cachucha poses a danger to the community.  Cachucha is charged with assault resulting in serious bodily injury and with assault with a dangerous weapon.  See Redacted Indictment, filed March 9, 2011 (Doc. 18).  The weight of the evidence, at this point, appears to be relatively substantial. Zentz told Mackay that Cachucha pulled out a knife and cut him, causing a severe laceration in his hand, and two lacerations on his stomach and chest.  Although no witnesses saw the altercation; the mitigating evidence does not significantly undercut the strength of the evidence against Cachucha. See United States v. Harmon, No. CR 10-1760, 2010 WL 3075062, at *6 (D.N.M. July 21,

2010)(Browning, J.)("While Harmon says he was using a borrowed car and did not know the drugs were in the vehicle, that mitigating evidence does not undercut significantly the strength of the evidence against him.").  Although, on the record before the Court, it is not apparent that Cachucha has any convictions, Cachucha has a string of arrests, including trespassing, resisting/evading/obstructing an officer, battery on a household member, assault on a peace officer, assault on a household member, suspect -- armed dangerous, intoxication, failure to submit to a chemical test, and two arrests for a fight in progress and driving under the influence.  The Court finds that there is clear-and-convincing evidence that Cachucha is a dangerous person who commits violent crimes.  See United States v. Harmon, 2010 WL 3075062, at *7 (finding that the defendant was a danger to the community when he had a history of battery arrests, a felony escape charge of his record, and substance abuse problems).

The Court finds, however, that it can craft conditions of release that will mitigate Cachucha's danger to the public to acceptable levels.  Although the Court believes that release under the conditions that Cachucha proposes -- release to Gonzales' third-party custody -- will not mitigate the danger to the public, it believes that release to La Posada's third-party custody, with additional conditions which the Court will order, will mitigate the danger to the public to acceptable levels.

The Court does not believe that it can fashion conditions or a combination of conditions which will mitigate the danger to the community and others if it releases Cachucha to Gonzales' custody and allows him to return to Dulce.  Cachucha is charged with the serious crimes of assault resulting in serious bodily injury and assault with a dangerous weapon.  The weight of the evidence against him is strong.  Although Cachucha has held employment for approximately sixteen years, and although the record before the Court does not indicate that Cachucha has any convictions, see United States v. Charley, No. CR 10-1921, 2010 WL 4338094, at *6 (D.N.M. Sept. 9,

-10-

2010)(Browning, J.)(noting that the history and characteristics of the defendant weighed in favor of release when the defendant "held a consistent job for approximately seven years, and -- according to his employer -- [wa]s a very reliable employee," and when the defendant had "almost no criminal history since a DWI in 1990"), the Court believes that allowing Cachucha to return to Dulce would create serious danger to the community and to Zentz, who lives in Dulce.  Gonzales does not appear to be an appropriate third-party custodian.  Although Gonzales testified that she understands she would be required to report Cachucha if he violates any conditions the Court orders, the Court is concerned that Gonzales does not have much control over Cachucha.  This incident occurred after Cachucha had been out the night before, hanging on girls at a house party.  The Court believes that most wives or girlfriends would not allow their husband or boyfriend to be at this sort of party or to be conducting themselves in this way.  It appears that she wants him as a boyfriend and husband, but lets him do what he wishes; that arrangement does not give the Court much confidence that she is a custodian with any real control over Cachucha.  Moreover, Cachucha has been arrested for battery against a household member and assault against a household member.  Gonzales is listed as the victim for these charges.  The Court thus does not believe that, given Gonzales' relationship with Cachucha, she is an appropriate third-party custodian for him.  Furthermore, without the records from the tribal courts, the Court does not know whether Cachucha's arrests are alcohol-related incidents.  On the record before it, the Court must find that Cachucha is a dangerous person who commits violent crimes with or without using liquor.  The Court is thus not convinced that Cachucha's proposed conditions regarding a sobriety meter and breath tests at the tribal courts will ensure the safety of the community and of Zentz if Cachucha is released to Dulce.  See 18 U.S.C. § 3142(e).  The Court will thus deny Cachucha's request that it release him into Gonzales' third-party custody.

The Court believes, however, that the situation at La Posada can be adjusted to mitigate to acceptable levels Cachucha's danger to the community in Albuquerque.  In addition to Cachucha's current conditions, the Court will require that a GPS device be placed on Cachucha.  The Court orders that an exclusion area of Dulce be placed into effect on the GPS device and that an inclusion area of Albuquerque be placed into effect on the device.  The Court also orders that Cachucha be restricted to attending only counseling.  The Court orders that Cachucha's trips to counseling be subject to a time limit of two hours.  It will be difficult for Cachucha to get to Dulce undetected or to leave Albuquerque undetected.  With there being 170 miles between Dulce and Albuquerque, and a travel time of approximately 3 hours, see Mapquest.com, Driving Directions from Albuquerque, New Mexico to Dulce, New Mexico, http://www.mapquest.com/ (last visited April 15, 2011), the USPO is likely to know of a violation before he gets to Dulce and can alert others to pick him up on the road.  Because Cachucha is in close to lock down at La Posada, and because he can have no alcohol, he should not be a great risk to residents of Albuquerque.  "With these restrictions in place, the Court believes the risk [Cachucha] poses to the public will be mitigated to an acceptable level." United States v. Charley, 2010 WL 4338094, at *6.  Because the Court can put together a condition or combination of conditions, the Court will not order Cachucha detained.  See United States v. Mirabal, No. CR 09-3207, 2009 WL 5201849, at *2 (D.N.M. Nov. 19, 2009)(Browning, J.)("A court generally cannot detain an accused unless there is no condition or combination of conditions that will reasonably assure the appearance of the person as required, and the safety of any other person and the community.")(citation omitted).  The Court will therefore deny the United States' request that it detain Cachucha.

**IT IS ORDERED** that the Appeal of Release Order, filed February 18, 2011 (Doc. 11) is denied; and (ii) the Appeal from Magistrate's Detention Order, filed February 22, 2011 (Doc. 14)

is denied in part and granted in part.  The Court will release the Defendant on the special conditions set forth herein, with the general and mandatory conditions also applicable.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Kenneth J. Gonzales
  United States Attorney
Charles Barth
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Alonzo J. Padilla
  Assistant Federal Public Defender
Albuquerque, New Mexico

      *Attorney for the Defendant*